Filed 4/15/26  P. v. Thomas CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065432 |
| v. | (Super. Ct. No. 12CF1810) |
| CHAD HOLBERT THOMAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Richard M. King, Judge. Affirmed.

Chad Holbert Thomas, in pro. per.; Lisa A. Kopelman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 2013, defendant Chad Holbert Thomas pleaded guilty to 15 counts of robbery and related charges. The trial court imposed a negotiated 40-year sentence that included three five-year serious felony (nickel) priors. (Pen. Code, § 667, subd. (a)(1).) [1] In 2022, upon a recommendation of the California Department of Corrections and Rehabilitation (CDCR), the court recalled the matter, and struck one of the nickel priors. (§ 1172.1.)

In this appeal from the resentencing order, appointed appellate counsel filed a brief raising no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 (*Delgadillo*); *People v. Wende* (1979) 25 Cal.3d 436, 441–442 (*Wende*).) Thomas later filed a supplemental brief on his own behalf.

In the interests of justice, this court has independently reviewed the record and found no arguable issues. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].)

We will briefly address the issues Thomas raises in his supplemental brief and affirm the order of the trial court.

I.

PROCEDURAL BACKGROUND

In 2013, the People filed an amended information charging Thomas with 15 counts of robbery, one count of making criminal threats, and one count of assault with a firearm. As to all of the counts except the criminal threats count, the information alleged a personal use of a firearm enhancement. The information further alleged nine prior strike convictions, and three serious felony prior convictions (nickel priors).

---

[1] Undesignated statutory references are to the Penal Code.

2

In 2013, pursuant to a plea agreement, Thomas pleaded guilty to the 17 counts, admitted the 16 firearm enhancements, and admitted the three serious felony prior enhancements. The trial court struck the prior strike convictions and imposed the three nickel priors. The court sentenced Thomas to a total negotiated term of 40 years in prison, with presentence credit for time served, along with various fines and fees.

On August 11, 2022, the trial court received a letter from the CDCR recommending recall and resentencing under former section 1170.03 (now § 1172.1), advising that recent amendments to the Penal Code gave discretion to trial courts to strike five-year serious felony prior enhancements in the interest of justice.

The CDCR letter summarized Thomas's prior juvenile and adult criminal history, prior parole history, institutional adjustment, self-help activities (classes and workshops), and statements about his medical and mental health. Within the letter, the CDCR noted that Thomas had received several laudatory reports, which included commendations for volunteering within the prison, embracing nonviolence, and "for his positive programming, good work, and effort in helping others."

On October 17, 2023, the trial court received a letter from Daniel J. Cross, Esq., who was working as a deputy attorney general. The letter explained Mr. Cross was not writing in his official capacity, but he had been friends with Thomas for over 40 years. Mr. Cross encouraged the court to recall and resentence Thomas.

On March 22, 2024, the trial court received a letter from Thomas explaining how he had changed during his prison term, and how he was taking accountability for his actions. The court received over a dozen

additional letters that were supportive of Thomas's recall and resentencing under section 1172.1.

On April 17, 2024, Thomas's counsel filed a memorandum in the trial court regarding the court's authority to recall and resentence under section 1172.1. The memorandum noted the factors to be considered by quoting the statute: "In recalling and resentencing pursuant to this provision, the court shall consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (Italics omitted.)

On November 14, 2024, the Orange County District Attorney (OCDA) filed a response, which included a statement of facts. Thomas had committed 10 robberies in Orange County between September 2011 through May 2021. Thomas had personally used a firearm in seven of the robberies. The OCDA stated: "Based on petitioner's history while incarcerated, it does not appear he poses an unreasonable risk and should be eligible for resentencing."  The OCDA listed the sentencing options available to the trial court at the resentencing hearing.

On March 22, 2024, the trial court held a resentencing hearing; however, the court determined it could not proceed on that date because the victims of the underlying crimes had not been notified.

4

*The Resentencing Hearing*

On March 7, 2025, the trial court held a resentencing hearing in which Thomas appeared via video. The court said that it read all the relevant documents it had received. The court heard arguments from the respective attorneys and heard personally from Thomas. The court discussed how felony sentencing had changed over the years and said, "So what's happened is that judges now basically become a parole board." The court then engaged in a dialogue with the prosecutor about the underlying facts, the dates of the offenses, etc. After Thomas consulted privately with his attorney (off the record), the court then took a personal waiver from Thomas regarding his right to personally appear at the resentencing hearing.

After the parties submitted, the trial court said: "Again, I want to echo what I said before. I'm like the parole board before determinant sentencing. That's what I am right here. I'm required to take into account not only the facts and circumstances of the crime, I'm to take into account the facts and circumstances of what the defendant's life was before he committed these crimes, and I'm also required to take into account the facts and circumstances of the defendant's performance in prison. I'm required to take into account the defendant's age [(60)], and I have taken into account the defendant's statement before me. I do find that to be genuine. I think what caught the Court's attention is he's prepared for whatever the Court does here, and he's going to go ahead and continue to live his incarcerated life in accordance with what he has done in the past."

After weighing the various factors, the trial court ruled: "The Court feels that at this point in time that the appropriate consideration to be given to the defendant's conduct while he's been incarcerated . . . is to strike

5

one of the priors and to reduce the sentence from 40 years to 35 years."

After the hearing, Thomas's retained counsel filed a notice of appeal on his behalf. Appointed appellate counsel filed a brief in this court consistent with the procedures outlined in *Delgadillo*, *supra*, 14 Cal.5th 216, and *Wende, supra,* 25 Cal.3d 436. Appellate counsel noted one issue counsel had considered, but did not argue within the brief: "Did the court abuse its discretion by likening [its] role to that of a parole board's?" (Capitalization & boldface omitted.)

Thomas later filed a supplemental brief on his own behalf raising three separate issues.

## II.

## DISCUSSION

When a defendant's appointed appellate counsel identifies no arguable issues on appeal, an appellate court may independently review the record for arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 230; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

If a defendant files his own supplemental brief, the "opinion must reflect the contentions and the reasons that they fail." (*People v. Kelly* (2006)

40 Cal.4th 106, 120.) However, a "decision does not require an extended discussion of legal principles. [Citations.] Moreover, a recitation of each of the defendant's assertions will not be necessary in all cases; the purposes of the constitutional requirement [for a written decision] may in some circumstances be satisfied by a summary description of the contentions made and the reasons they fail." (*Id.* at p. 121.)

Here, we have reviewed the record on appeal. We agree with appointed counsel's analysis that there are no "arguable issues," including the issue considered and rejected by counsel.

In his supplemental brief, Thomas raises three issues: 1) the trial court's statement regarding parole authority; 2) ineffective assistance by his retained attorney at the hearing; and 3) resulting prejudice.

As far as the trial court's statements likening its role to that of a parole board, we do not find that the court's statements constitute an error in the proceedings. The court stated the appropriate factors to be considered, which had been briefed by both parties, and were reiterated by the court at the hearing. In short, we do not find that the court abused its sentencing discretion. (See *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082 [a trial court has broad discretion to recall and resentence under § 1172.1].)

As far as ineffective assistance of his retained counsel, Thomas's allegations in this regard primarily involve factual matters outside of the record on appeal, such as communications outside of the hearing. In an appeal, we are ordinarily strictly confined to reviewing the record on appeal. Generally, a writ of "habeas corpus allows for consideration of matters outside the appellate record, including evaluation of counsel's decisions and tactics, which is a necessary focus of many ineffective assistance claims." (*In*

7

*re A.R.* (2021) 11 Cal.5th 234, 254.) [2]

As far as resulting prejudice, we found no errors by the trial court, and we have an inadequate record to consider an ineffective assistance of counsel claim, so we find no prejudice. (See *People v. Clair* (1992) 2 Cal.4th 629, 681–682 [if there is no error, there is no prejudice].)

## III.

## DISPOSITION

The trial court's order regarding resentencing under section 1172.1 is affirmed.


MOORE, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


GOODING, J.

---

[2] We take no position on whether a petition for a writ of habeas corpus would ultimately prove successful in this matter.